UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY MILLER,

      Plaintiff,                                    Case No. 2:06-cv-790
                                                      JUDGE GREGORY L. FROST
      v.                                        Magistrate Judge Terence P. Kemp

BURROWS PAPER CORPORATION,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's Motion for Judgment on the Pleadings (Doc. # 23), Plaintiff's memorandum in opposition (Doc. # 25), and Defendant's reply memorandum (Doc. # 26). For the reasons that follow, the Court finds the motion partially well taken.

**I.  Background**

According to the pleadings, Plaintiff, Jeffrey Miller, was previously an employee of Defendant, Burrows Paper Corporation. During his employment, Plaintiff suffered a job-related injury in September 1993 when a cart wheel broke and he was pinned under a 3,200 lb. roll of paper and a portion of a machine. Plaintiff's legs were crushed and he sustained a torn ligament. This resulted in the certification of a workers' compensation claim and Plaintiff being off work on disability for an extended period of time.

In 2000, Defendant transferred Plaintiff, who remained on light duty, to a different job. Thereafter the company did away with light duty work. Plaintiff requested accommodations and offered Defendant a letter from his doctor setting forth various job restrictions. A period of

1

discussion followed, and after being orally advised that Defendant would accept the restrictions, Plaintiff requested written confirmation and reimbursement for days off that were mandated during the discussion period. Plaintiff also sought reimbursement for legal fees that he had incurred during the discussions.

The following month after these requests, Defendant informed Plaintiff that it had eliminated his job effective June 15, 2006. Plaintiff was escorted off company property that same day.

Plaintiff subsequently filed suit in the Knox County Court of Common Pleas in August 2006. (Doc. # 2, Ex. 2; Doc. # 3.) On September 16, 2006, Defendant removed the action to this Court. (Doc. # 2.) After a period of motions practice, Plaintiff then filed a First Amended Complaint on November 17, 2006. (Doc. # 15.) This pleading presents five counts: workers' compensation retaliation under Ohio Rev. Code § 4123.90, handicap discrimination under the ADA and Ohio Rev. Code §§ 4112.02(A) and 4112.99, retaliatory discharge under various federal statutes and Ohio Rev. Code § 4112.02(I), breach of contract, and wrongful discharge in violation of public policy under Ohio common law. (Doc. # 15 ¶¶ 21-32.)

After filing an answer (Doc. # 16), Defendant moved for judgment on the pleadings on Count Five, the public policy count. (Doc. # 23.) Because the parties have completed their briefing in advance of the scheduled deadlines, the motion is now ripe for disposition. The Court will therefore rule on the motion in advance of the scheduled April 20, 2007 non-oral hearing.

## II. Discussion

### A. Standard Involved

Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which

provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). *See also Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Mixon*, 193 F.3d at 400.

### B. Analysis

#### *1. Ohio Rev. Code § 4123.90 and Federal Statutes*

In its Rule 12(c) motion, Defendant states that it "moves to dismiss Count Five of Plaintiff's Complaint." (Doc. # 23, at 1.) Defendant then proceeds to characterize Count Five as a wrongful discharge in violation of Ohio public policy claim and to discuss only Ohio Rev. Code Ch. 4112. This approach ignores the fact that Count Five asserts "a common law tort under Ohio common law" for the "violation of several Ohio and federal statutes as set forth hereinabove [in the amended complaint]." (Doc. # 15 ¶ 32.) Defendant recognizes in its memorandum in support that Plaintiff has also asserted federal statutes as the basis for his public policy claims, but Defendant does not address these statutes directly. Instead, Defendant targets specifically but one statute in his memorandum in support: Ohio Rev. Code § 4112.99.

Several comments are therefore necessary. Defendant cannot obtain judgment on the pleadings on that portion of Count Five related to public policies expressed in federal statutes or the public policy underlying Ohio Rev. Code § 4123.90 because, by targeting only § 4112,

3

Defendant's motion does not include that specific aspect of the amended pleading involving § 4123.90.

Additionally, Defendant has failed to present the mandated argument as to why this Court should dismiss that aspect of Count Five predicated upon the alleged public policy animating the federal statutes or § 4123.90. Such a lack of argument alone warrants the denial of these aspects of Defendant's motion. This Court's Local Civil Rules provide that "[a]ll Motions . . . shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied upon." S.D. Ohio Civ. R. 7.2(a)(1). In failing to present any discussion on entire portions of Count Five, Defendant has failed to comply with the requirement that it divulge to the Court the grounds upon which it relies. Although the Court could speculate as to Defendant's probable grounds for dismissal of the neglected Count Five claims, it declines to do so. This Court rules on motions in the course of resolving disputes. It does not, however, first *provide* the grounds for a motion that might prove dispositive of a dispute and then proceed to rule on those grounds. Because Defendant has failed to target specifically and present argument on these aspects of Count Five, then, this Court shall consider only those causes of action actually addressed in the motion. *Cf. Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 796 (S.D. Ohio 2003) (denying motions for failure to file memorandum in support in violation of S.D. Ohio Civ. R. 7.2(a)(1)).

Finally, by ignoring § 4123.90 as the basis for a public policy claim, Defendant fails to persuade this Court on the merits that the statute cannot constitute a viable basis for Count Five. The majority of Ohio courts to have addressed the issue have held that a plaintiff can assert a public policy claim based on the policy behind § 4123.90. *Bickers v. Western S. Life Ins. Co.,*

4

*Inc.*, No. C-040342, 2006 WL 305442, at *3 (Ohio App. Ct. 1 Dist. Feb. 10, 2006) ("The First, Second, Fifth, Tenth, Eleventh and Twelfth Appellate Districts have held that an at-will employee can pursue a public-policy claim based on R.C. 4123.90"). *But see Herron v. DTJ Enterprises, Inc.*, No. 23385, 2007 WL 841034 (Ohio App. Ct. 9 Dist. Mar. 21, 2007) ("this Court again reaffirms its position that aggrieved parties 'are not entitled to a separate wrongful termination public policy claim under R.C. 4123.90' " (quoting *Coon v. Technical Constr. Specialties Inc.*, No. 22317, 2005 WL 1875811, at *7 (Ohio App. Ct. 9 Dist. Aug. 10, 2005)). Federal courts, including the undersigned, have concluded that an employee can pursue a public-policy claim based on § 4123.90.[1] *Collins v. U.S. Playing Card Co.*, 466 F. Supp. 2d 954, 974-75 (S.D. Ohio 2006) (collecting federal cases); *Welty v. Honda of Am. Mfg., Inc.*, 411 F. Supp. 2d 824, 833-34 (S.D. Ohio 2005) (Frost, J.).

This Court therefore concludes that Defendant has failed to include the § 4123.90 component of Count Five in its motion, that Defendant's lack of argument additionally warrants the denial of the motion in regard to this aspect of Count Five, and that a merits analysis leads the Court to conclude that Ohio recognizes public policy claims predicated on the policies underlying § 4123.90. Any argument by Plaintiff that a state law claim for violation of federal

---

[1] This Court recognizes that an unpublished, non-binding decision by a Sixth Circuit panel previously reached a different conclusion. *Jakischa v. Central Parcel Express*, 106 F. App's 436, 440 (6th Cir. 2004). The Court continues to agree with the contrary analysis expressed in federal cases such as *Collins* and *Welty*, as well as the majority of Ohio Courts of Appeals, and concludes that the Ohio Supreme Court would agree. *See Hall v. ITT Auto.*, 362 F. Supp. 2d 952, 962-63 (N.D. Ohio 2005) ("This Court is not bound by the unpublished opinion in *Jakischa,* and may not disregard the half-dozen Ohio appellate cases cited above holding that *Greeley* claims premised on a violation of § 4123.90 are cognizable, unless convinced that the Ohio Supreme Court would decide otherwise. For several reasons, the Court is not so convinced.").

statutes also survives for the reasons discussed above.

### 2.  Ohio Rev. Code §§ 4112.02(A), 4112.02(I), & 4112.99

Defendant's motion does target Ohio Rev. Code ch. 4112.  Citing a laundry list of case law in support, Defendant argues that "virtually every Ohio court has refused to recognize public policy claims premised on § 4112" and that "[t]he same holds true with virtually every federal court in the Sixth Circuit."  (Doc. # 23, at 3.)

The Sixth Circuit Court of Appeals has often addressed public policy claims related to § 4112 by finding them necessarily invalid based on the circumstances of particular cases.  *See, e.g., Sosby v. Miller Brewing Co.*, No. 05-4629, 2006 WL 3391513, at *5 (affirming summary judgment on § 4112.02(I) claim because "Ohio courts have held that '[a] claim for wrongful discharge in violation of public policy embodied in [a] statute prohibiting discriminatory practices will fail if the underlying discrimination claims fails' " (quoting *Desanzo v. Titanium Metals Corp.*, 351 F. Supp. 2d 769, 782-83 (S.D. Ohio 2005)).  *See also Hausler v. General Elec. Co.*, 134 F. App'x 890, 895 (6th Cir. 2005) (declining to opine on whether Ohio recognizes a wrongful discharge claim based upon a violation of public policy on disability and age discrimination because underlying discrimination claims failed).  Although many lower courts have followed suit, a number of district courts have squarely addressed the issue and rejected such public-policy claims.  *See Barton v. Air Express Int'l USA, Inc.*, No. 1:06 CV 1885, 2007 WL 851882, at *2 (N.D. Ohio Mar. 19, 2007) ("most state and federal courts in Ohio have specifically barred general public policy claims that are premised on statutes prohibiting employment discrimination").

A notable decision on this point is *Farrell v. Tipp Mach. & Tool, Inc.*, No. 3:02CV418,

6

2005 WL 2372857 (S.D. Ohio Sept. 26, 2005) (surveying state and federal cases on § 4112 public policy claims).  This Court agrees with the analysis in *Farrell* and incorporates by reference that discussion here.  *Id.* at *9-11.

The Court is cognizant that there are decisions reaching a different result.  *See, e.g., Bukta v. J.C. Penney Co., Inc.*, 359 F. Supp. 2d 649 (N.D. Ohio 2004).  But this Court cannot follow the conclusory holding of *Bukta*, which rejects reasoned decisions with little substantive discussion and arguably treats the existence of a viable public policy claim based on § 4112.02 as a default position.  *Id.* at 673-74.  Nor does Plaintiff salvage his claim by citing to two Ohio appellate cases.  *See Gessner v. Union*, 159 Ohio App. 3d 43, 823 N.E.2d 1 (Ohio App. Ct. 2004); *Vickers v. Wren Indus., Inc.*, No. Civ.A. 20914, 2005 WL 1685101 (Ohio App. Ct. July 8, 2005).  Plaintiff's lack of much substantive discussion of these cases and the issues involved partially undercut the analytic points he apparently hoped to present.  To the extent the quotations Plaintiffs provide present argument, the Court finds the contrary case law discussed and incorporated above more persuasive and more accurately setting forth current, on-point Ohio law.

Plaintiff's reliance on *Gessner* is particularly confusing.  In that case, the Second District Court of Appeals of Ohio addressed whether *Gessner* could pursue a public policy claim based on age discrimination.  In discussing prior holdings, the appellate court explained that it had previously "refused to allow a separate claim for wrongful discharge in violation of the public policy against handicap discrimination."  159 Ohio App. 3d at 48-9, 823 N.E.2d at 5.  Noting that handicap discrimination may be distinguishable from age discrimination and that the Ohio Supreme Court appears to have "changed direction" since holding that public-policy age

7

discrimination claims exist, the court of appeals concluded that the law in Ohio was unclear. *Id.* at 49, 823 N.E.2d at 5. The state court ultimately punted on the issue, explaining that a whistleblower component to the claim and unclear pleadings caused the appellate panel to "decline to rule on this point, other than to say that . . . Gessner appears to have the ability to bring an action for wrongful discharge in violation of public policy." *Id.* at 49, 823 N.E.2d at 5-6. The tentative discussion in *Gessner* does not persuade this Court that Plaintiff's § 4112-based public policy claim exists.

*Vickers* similarly provides Plaintiff little support. There, the state court of appeals (adopting most of the trial court's opinion) assumed that a claim could exist based on a public policy, but found that the plaintiff failed to point to the existence of clear public policy against discharging employees who are sick and that causation was lacking. 2005 WL 1685101, at *9. This case therefore also fails to present compelling reasoning involving the precise issue here.

The federal and state law supporting Defendant's position remains persuasive. The Court thus rejects Plaintiff's contention that he can assert the public policy claim under attack.

## III. Conclusion

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for judgment on the pleadings. (Doc. # 23.) Defendant is entitled to judgment on the pleadings only in regard to that portion of Count Five constituting a claim based on the public policy expressed in Ohio Rev. Code ch. 4112. The remainder of Count Five remains pending.

**IT IS SO ORDERED**.

s/ Gregory L. Frost
GREGORY L. FROST

UNITED STATES DISTRICT JUDGE